CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON EDWARD HARRISON, )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>  )<br>JUDGE RICH PATTERSON, et al., )<br>    Defendants. ) | Case No. 7:26-cv-00016<br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

## MEMORANDUM OPINION

Jason Edward Harrison, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Tazewell County Circuit Court Judge Rich Patterson; Brandon Goins, an attorney from the Office of the Tazewell County Commonwealth's Attorney; and two defense attorneys, Andrew Scruggs and Bruce Russell. The case is now before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the court concludes that the complaint must be dismissed.

### I.    Background

According to the complaint, Harrison was charged with a probation violation in September 2023, at which time he was represented by Scruggs. Compl., ECF No. 1, at 2. Harrison alleges that he eventually "fired" Scruggs and that Scruggs moved to withdraw from representing him. Id. In a letter advising Harrison of the motion to withdraw, Scruggs also informed Harrison that Judge Patterson had recused himself from the criminal case based on a conflict of interest. Id.

Russell was subsequently appointed to represent Harrison. Id. When Harrison appeared for sentencing in 2024, Judge Patterson presided over the proceeding. Id. Harrison asserts that Goins and Russell should not have allowed Judge Patterson to sentence him. Id.

Harrison now seeks to be compensated for the time that he has spent in jail. Id. at 3. He also "wants [Judge Patterson's] rulings reversed." Id.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Harrison filed suit against the defendants under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the complaint, the court concludes that it fails to state a plausible claim for relief under § 1983 against the named defendants.

2

First, the complaint does not allege facts from which the court could conclude that either of the defense attorneys acted under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Additionally, a defense attorney does not act under color of state law when performing traditional functions as counsel. See Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (holding that a § 1983 action against a state-appointed attorney was subject to dismissal "for want of state action"); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a "private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983") (emphasis in original). Accordingly, the complaint fails to state a claim against Scruggs and Russell.

Second, "[t]he Supreme Court has held that judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983," when such suit arises from judicial actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). For purposes of judicial immunity, the scope of a judge's jurisdiction is construed broadly. Stump v. Sparkman, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356–57 (internal quotation marks omitted). Here, there is no plausible suggestion that Judge Patterson acted outside his judicial capacity or in the clear absence of all jurisdiction. Accordingly, he is entitled to absolute judicial immunity. See, e.g.,

Shtrauch v. Dowd, 651 F. App'x 72, 74 (2d Cir. 2016) (explaining that a judge's decision to grant a recusal motion did not deprive the judge of judicial immunity for subsequent actions performed in his judicial capacity).

Similarly, Goins is entitled to "absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity." Savage v. Maryland, 896 F.3d 260, 268 (4th Cir. 2018) (quoting Imbler, 426 U.S. at 430). Here, the complaint indicates that Goins appeared on behalf of the Commonwealth at Harrison's sentencing hearing. To the extent Harrison seeks to hold Goins liable for actions taken during that proceeding, Goins is entitled to prosecutorial immunity.

Finally, the court notes that any challenges to the rulings made by Judge Patterson should be raised through the "ordinary mechanisms of review" provided by the courts of the Commonwealth of Virginia. Forrester v. White, 484 U.S. 219, 227 (1988). To the extent Harrison requests that this court "reverse" Judge Patterson's rulings, Compl. at 3, the court does not have the authority to do so under § 1983. See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 F. App'x 278, 289 (4th Cir. 2013) ("Except in limited circumstances not applicable here, the only federal court with the authority to reverse or modify judgments of state courts is the Supreme Court itself.") (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005)).

## IV.　Conclusion

For the reasons stated, the complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: March 9, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.09 12:31:55
-04'00'

Michael F. Urbanski
Senior United States District Judge

5